IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**
*Plaintiff,*

**v.**  Case No. **20-20075-DDC**

**COLTON RAY DONNER,**
*Defendant.*

## SENTENCING MEMORANDUM

Colton Donner asks this Court to follow the Rule 11(c)(1)(C) plea agreement in this case and impose a sentence of 27 months with 18 months of supervised release to follow. This sentence is within the appropriately calculated guideline range, is consistent with 18 U.S.C. § 3553(a), and is presumed reasonable for purposes of appellate review. Such a sentence is justified as set out below.

**The Court's Concern with Escalating Behavior in Case 2020CR0069**

The Court stated it was concerned about what it viewed as escalating behavior by Mr. Donner. As initially discussed in court, it is now confirmed that Mr. Donner was charged with the class B misdemeanor of domestic battery [see attachment A]. Such behavior is punishable by no more than 6 months in custody. Mr. Donner ultimately pleaded guilty after spending 64 days in custody [see attachment B]. His 180-day sentence was suspended,

and he will be supervised for one year by the State of Kansas. He is required to obtain a batterer's intervention assessment and to follow the recommendations from that assessment. For this Court's purposes, it is noteworthy that Mr. Donner was not even charged with a class A misdemeanor (much less a felony), he was sentenced to the maximum sentence, and will be required to engage in treatment if found necessary. The severity of this charge and the state court's sentence should alleviate this Court's concern about addressing any behavior surrounding case 2020CR00069.

In the eight months following this federal case, Mr. Donner picked up four state charges. As a result, he has been in custody for the last 19 months. Mr. Donner has transferred from Miami County to Linn County, back to Miami County, to Bourbon County, and finally to Federal custody. Because of the constant custodial transfers, Mr. Donner now has detainers for his Miami County convictions again. Although he has done nothing to violate his supervision, he has warrants for his arrest for failure to report to his state probation officer. Obviously, Mr. Donner had no way to report while detained on this case. Nevertheless, these detainers will keep Mr. Donner from being eligible for halfway house time while in the Bureau of Prisons custody. This means that, with the exception of possible good-time credit, Mr. Donner can expect to serve the entirety of this Court's sentence in custody.

**The Nature of This Offense**

The Court started the previous sentencing hearing by noting the despicable behavior by Mr. Donner in the present case. There is no doubt that the language and sentiment behind Mr. Donner's behavior is unacceptable. However, this conviction is for conveying a threat on one occasion. That threat has resulted in a felony conviction for Mr. Donner. Additionally, the guideline calculation does account for Mr. Donner's intent. He received a 3-level enhancement under §3A1.1(a) because the threat was toward the victim based on the victim's race. Without that enhancement, Mr. Donner's guideline range would have been 18 months on the low-end. In other words, Mr. Donner will serve an additional nine months in custody because this was a race-based crime.

**Well-Reasoned Negotiations**

The parties entered this binding plea agreement to bring certainty to the sentencing process. In part, this was based on the parties' agreement in what a proper offense level would be in this case. Knowing Mr. Donner's criminal history calculation, this was precisely the guideline range the parties expected. Given that range, this agreed upon sentence is a sentence that Mr. Donner, the United States Attorney's Office for the District of Kansas, and the Department of Justice find acceptable. The agreed upon sentence is reasonable, and this Court has the authority under the

sentencing guidelines and the sentencing statute to accept it. Ultimately, the negotiated sentence is sufficient, but not greater than necessary to satisfy the provisions of 18 U.S.C. § 3553(a).

For the foregoing reasons, Mr. Donner, the United States Attorney's Office for the District of Kansas, and the Department of Justice ask this Court to approve the parties Rule 11(c)(1)(C) plea agreement for a term of 27 months in the Bureau of Prisons with an 18-month term of supervised release to follow.

Respectfully submitted,

s/ Tim Burdick
TIM BURDICK         #78152
Assistant Federal Public Defender
500 State Avenue, Suite 201
Kansas City, Kansas  66101
Telephone: (913) 551-6712
Fax: (913) 551-6562
E-mail: Tim_Burdick@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Scott Rask
Assistant United States Attorney
Scott.Rask@usdoj.gov

S/Tim Burdick
Tim Burdick