ELECTRONICALLY FILED
2020 Dec 02 AM 8:42
CLERK OF THE MIAMI COUNTY
CASE NUMBER:  2020-CR-000069
PII COMPLIANT



**Court:**          Miami County

**Case Number:**    2020-CR-000069

**Case Title:**     State of Kansas vs. Colton Ray Donner

**Type:**           Journal Entry of plea


SO ORDERED.


/s/ Honorable Amy L. Harth, District Court Judge


Electronically signed on 2020-12-02 08:42:51    page 1 of 4

## IN THE DISTRICT COURT OF MIAMI COUNTY, KANSAS

STATE OF KANSAS                                    Plaintiff

    vs.                                            Case No.: 2020-CR-000069

COLTON RAY DONNER                                  Defendant

### JOURNAL ENTRY
(FOR DOMESTIC VIOLENCE OFFENSE/S AS DETERMINED BY TRIER OF FACT)

☐ **Domestic Violence Designation, check box if yes**

Now on this 18th day of November, 2020, this matter comes before the Honorable AMY L HARTH, District Judge. Appearing on behalf of the State of Kansas, REBECCA S SILVERMINTZ, Assistant County Attorney. The Defendant ☒ appears in person ☐ appears not, but by and through and with JOHN L DOMONEY, court-appointed attorney. ☒All parties appearing do so through video/phone conference. ☐ This is submitted to the Court without hearing.

WHEREUPON, the parties advise the Court that the Defendant is prepared to enter a plea at this time pursuant to plea negotiations. The Defense informs the Court of the nature of the plea negotiations. The State concurs with the terms of the plea negotiations as stated and makes statements to the Court in reference to sentencing and probation.

WHEREUPON, the Court inquires whether the Defendant understands the nature of the plea negotiations and that the Court is not bound by negotiations between the parties as to sentencing. The Defendant replies in the affirmative. The Court further determines through questioning of the Defendant and counsel that the Defendant is competent to enter a plea.

WHEREUPON, the Defendant enters a plea of Guilty to Domestic battery; as defined by K.S.A. 21-5414(a2)(c1)(A), a Class B person misdemeanor.

WHEREUPON, the Court determines that there is a factual basis for Defendant's plea and that said plea is being entered knowledgeably, voluntarily and of the Defendant's own free will.

WHEREUPON, the Court accepts the Defendant's plea and finds the Defendant guilty of Guilty to Domestic battery; as defined by K.S.A. 21-5414(a2)(c1)(A), a Class B person misdemeanor.

WHEREUPON, ☐ **The Court has determined that the defendant committed a domestic violence offense as defined by K.S.A. 21-3110, prior to its repeal, or K. S.A. 21-5111(j)**. The defendant ☒ is ☐ is not ordered to undergo a domestic violence offender assessment and follow all recommendations per K.S.A. 21-4603d(p), prior to its repeal, or K.S.A. 21-6604(p), and amendments thereto. ☒ **The Court does not place a domestic violence designation on this case** because the defendant has not previously committed a domestic violence offense or participated in a diversion upon a complaint alleging a domestic violence offense; and this domestic violence offense was not used to coerce, control, punish, intimidate or take revenge against a person with whom the offender is involved or has been involved in a dating relationship or against a family or household member.

WHEREUPON, the Court proceeds to sentencing of the Defendant.

IT IS THE JUDGMENT, ORDER AND SENTENCE OF THE COURT that the above-named defendant, COLTON RAY DONNER, yob 1994, having been found guilty of Domestic battery; as defined by K.S.A. 21-5414(a2)(c1)(A), a Class B person misdemeanor, shall be sentenced to the custody of the Sheriff of Miami County, Kansas for a period of 180 days. The Court will suspend that sentence and place the Defendant on supervised probation for a period of 12 months. In addition to the standard conditions of probation, the defendant is to have no

contact with Shirley Carl and Susie Wiley and shall obtain a batterer's intervention assessment and follow the recommendations. The Defendant is given credit for 64 days served. The Defendant is ordered to pay court costs of $158.00, probation supervision fee of $60.00, fingerprint fee of $45.00, fine of $200.00, and court-appointed attorney fees of $150.00. Outstanding costs and fees are a judgment due and owing. Failure to make payments may result in the unpaid balance being sent to collections.

LET THIS ORDER BE ISSUED.


SUBMITTED BY:

REBECCA S SILVERMINTZ, #27783
Assistant County Attorney

APPROVED BY:

/s/ John L Domoney
JOHN L DOMONEY, #22909
Attorney for Defendant